# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 4:19-cr-00634-2-JM

KENNETH HARRIS

## ORDER

Pending before the Court is Defendant's Motion for Bond, wherein he requests reconsideration of an earlier Order of Detention (Doc. No. 98) and an order allowing him to participate in inpatient substance abuse treatment while he awaits sentencing. (Doc. No. 115.) Because Defendant has entered a guilty plea (Doc. Nos. 112-14) and is awaiting imposition of sentence, his request for release is governed by 18 U.S.C. § 3143(a). More specifically, because Defendant pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, section 3143(a)(2) applies. *See* 18 U.S.C. § 3142(f)(1)(C); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii).

Pursuant to this provision in the Bail Reform Act, Defendant's detention pending sentence is mandatory unless (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or the Government has recommended no sentence of imprisonment; and (2) he is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(A)-(B). I do not find there is a substantial likelihood that a motion for acquittal or new trial will be granted, and there is no indication that the Government has recommended or will recommend that no sentence of imprisonment be imposed. Accordingly, an analysis of Defendant's risk of nonappearance or dangerousness is unnecessary, and his detention is required by statute.

Additionally, Defendant was previously released on conditions and proved unable or

unwilling to follow them. He was ordered detained following a second revocation hearing. (Doc. Nos. 9, 45, 58, 86, 93, 95, 98.) Even if his detention pending sentence were not statutorily mandated, the history of this case does not suggest Defendant would be successful on release.

The Motion for Bond (Doc. No. 115) is DENIED. Defendant will remain in the custody of the United States Marshal Service. While in custody, Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.[1] Further, on order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal for a court appearance.

IT IS SO ORDERED this 24th day of June 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The intent of this provision is to ensure defense counsel experiences no unnecessary obstruction communicating with the Defendant in person, by telephone, or (if possible) by video-teleconference.